# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BYRON L. CONWAY,
ADC #113285                                                                              PLAINTIFF

V.                                 5:11CV00142 JMM/JTR

WENDY KELLEY,
Deputy Director of Health,
Arkansas Department of Correction                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Byron L. Conway, is a prisoner at the Grimes Unit of the Arkansas Department of Correction ("ADC").  In this *pro se* § 1983 action, he alleges that Defendant Wendy Kelley violated his constitutional right to adequate medical care.

*See* docket entry #2.

Defendant has filed a Motion to Dismiss and a Brief in Support. *See* docket entries #11 and #12. Plaintiff has filed a Response, and Defendant has filed a Reply. *See* docket entries #15 and #16. Before addressing the merits of the Motion, the Court will summarize the relevant, undisputed facts.[1]

On January 22, 2010, Plaintiff filed *Conway v. Kelley, et al.*, 2:10CV00010 JTK ("*Conway I*") alleging that, in April and May of 2009, he received inadequate medical care at the EARU for rectal bleeding. *Conway I,* docket entry #2. According to Plaintiff, Defendant Kelley reviewed his grievance appeals about the allegedly inadequate medical care, but failed to take proper corrective action.[2] *Id.* On November 22, 2010, the Court dismissed Defendant Kelley from *Conway I, without prejudice*, because Plaintiff failed to properly exhaust his administrative remedies against her.[3] *Id.,* docket entry #132. However, the case is *still pending* against the

---

[1] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] As the ADC Deputy Director of Health, Defendant Kelley conducts the final appellate review of all prisoner grievances regarding medical matters.

[3] In reaching that conclusion, the Court noted that the ADC grievance procedure allows prisoners to file grievances against prison officials involved in the grievance process. *Conway I,* docket entry #132 at 6. However, ADC Administrative Directive 07.03(IV)(H) provides that: "[n]o employee should respond to a grievance

medical Defendants who treated Plaintiff. *Id.,* docket entry #149.

On September 23, 2010, Plaintiff filed *Conway v. Kelley, et al.,* 2:10CV00143 DPM/JTR ("*Conway II*") alleging that, from May to June of 2010, he received inadequate medical care at the Maximum Security Unit for rectal bleeding and abdominal pain. *Conway II,* docket entry #2. Once again, Plaintiff alleged that Defendant Kelley learned of the allegedly inadequate medical care by reviewing his grievance appeals, but failed to take proper corrective action. *Id.* On January 14, 2011, Plaintiff voluntarily dismissed his claims against Defendant Kelley, *without prejudice*.[4] *Id.,* docket entry #15. Further, he has recently filed a Motion to Voluntarily Dismiss his case against the remaining Defendants. *Id.,* docket entry #51. A Recommended Disposition suggesting that Plaintiff's Motion be granted is pending.

On March 4, 2011, Plaintiff filed *Conway v. Anderson, et al*; 5:11CV00051 JTK ("*Conway III*") alleging that, in April of 2009, he received inadequate medical care at the EARU for a penal tear, thereby causing him to develop Pyreonies disease and

---

that is alleging misconduct by that employee unless the inmate still has another step in the grievance process to challenge the conduct." *Id.*

[4] Plaintiff did not explain why he wanted to voluntarily dismiss Defendant Kelley. However, it is likely that he chose to do so because he learned, in *Conway I*, that he had to specifically name her in a grievance that was timely and properly exhausted in the ADC grievance procedure.

erectile dysfunction. *Conway III,* docket entry #2. Once again, Plaintiff claimed that Defendant Kelley failed to take proper corrective action in regard to those medical problems. *Id.* On April 1, 2011, Plaintiff voluntarily dismissed his claims against Defendant Kelley, *without prejudice. Id.*, docket entry #6. However, the lawsuit is continuing against the medical Defendants.

On June 6, 2011, Plaintiff filed the current lawsuit, *Conway v. Kelley*; 5:11CV00142 JMM/JTR ("*Conway IV*") alleging that, since 2009, Defendant Kelley has failed to take proper correct action in response to his grievance appeals regarding his medical care for rectal bleeding, a penal tear, Peyronie's disease, neuritis or neuralgia in his neck, and migraines. *Id.,* docket entry #2.

## II. Discussion

**A.     Collateral Estoppel and Res Judicata**

Defendant Kelley argues that the doctrines of collateral estoppel and res judicata preclude Plaintiff from proceeding with the claims he has raised against her in *Conway IV.  See* docket entries #11, #12, and #16.

As pointed out by Plaintiff, Defendant's argument fails because both collateral estoppel and res judicata require a final adjudication on the merits. *See Wintermute v. Kansas Bankers, Sur. Co;* 630 F.3d 1063, 1067 (8th Cir. 2011); *Dodson v. Univ. of Ark. for Med. Sci.*, 601 F.3d 750, 761 (8th Cir. 2010); *Ripplin Shoals Land Co., LLC*

*v. U.S. Army Corps of Engrs.,* 440 F.3d 1038, 1042-44 (8th Cir. 2006).

In *Conway I, II,* and *III*, the Court did *not* render final adjudications on the issue of whether Defendant Kelley failed to take proper corrective action in regard to the specific medical problems Plaintiff raised in each of those cases. Instead, in all three cases, the Court dismissed Plaintiff's claims against Defendant Kelley *without prejudice*. Thus, Plaintiff's claims against Defendant Kelley are not barred by collateral estoppel or res judicata.[5]

**B.     Exhaustion of Administrative Remedies**

Defendant Kelley argues that this case should be dismissed, without prejudice, because Plaintiff failed to properly exhaust his administrative remedies against her. *See* docket entries #11, #12, and #16.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

---

[5] Furthermore, the underlying issues in *Conway I, II,* and *III* – which are whether the medical Defendants failed to provide constitutionally adequate medical care for specific problems – are still pending. Also, in this lawsuit, Plaintiff challenges the medical care he received for migraines and neuritis/neuralgia in his neck, which he does not appear to challenge in *Conway I, II,* or *III*. Res judicata and collateral estoppel clearly have no application to Plaintiff's new claims regarding those two medical problems.

§ 1997e(a).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Additionally, exhaustion is "mandatory," and a prisoner's claim must be dismissed if he fails to timely and properly comply with the specific exhaustion rules imposed by the incarcerating facility. *Jones v. Bock,* 549 U.S. 199, 219 (2007); *Woodford v. Ngo*, 548 U.S. 81-89-91 (2006). For instance, the ADC grievance policy requires inmates to specifically name each individual involved in their grievances. *See* ADC Directives 07-03 and 09-01 § IV(C)(4).

However, failure to exhaust administrative remedies is an *affirmative defense* that must be pled and *proven by the defendants. Jones,* 549 U.S. at 216; *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005). Defendant Kelley has not, at this time, offered *any proof* that Plaintiff failed to exhaust his administrative remedies against her.

Instead, she refers the Court to *Conway I.* In that case, Defendant Kelley submitted an Affidavit demonstrating that Plaintiff did not specifically name her in any fully exhausted grievances that he filed from April 20, 2009 to January 22, 2010

(which is the date that he filed *Conway I*). *Conway I*, docket entry #113, Ex. 4. Based on that undisputed evidence, the Court concluded that Plaintiff had failed to properly exhaust his administrative remedies against Defendant Kelley. *Id*, docket entry #132. Accordingly, the Court dismissed her from *Conway I*, without prejudice.

Thereafter, Plaintiff had the opportunity to properly exhaust his administrative remedies against Defendant Kelley. The relevant inquiry in this case is whether he has now properly done so. Specifically, the Court must determine whether Plaintiff properly exhausted his administrative remedies against Defendant Kelley sometime after the dismissal of *Conway I* and prior to the filing of this lawsuit, on June 6, 2011. Defendant Kelley has *not* offered *any evidence* on that issue.

Although Defendant Kelley does not raise the matter, the Court is aware that the ADC grievance policy imposes relatively short deadlines for filing grievances and appeals, thereby making it unlikely that Plaintiff has or will be able to properly exhaust his administrative remedies against Defendant Kelley regarding the medical care he received in 2009 and 2010. *However, the Court must have evidence to support such a finding.*[6]

---

[6] Plaintiff has provided the Court with grievance appeal GR-10-01466, which was signed by Defendant Kelley on March 24, 2011. *See* docket entry #2 at 17. In that document, Defendant Kelley notes that, on December 4, 2010, Plaintiff filed a grievance that specifically named her and alleged that she had been deliberately indifferent "over the years" to his lack of proper medical care for "chronic digestive

For these reasons, the Court concludes that Defendant Kelley has failed to satisfy her burden of proving that Plaintiff failed to timely and properly exhaust his administrative remedies against her in regard to any of the specific medical care problems he has raised in this case. Thus, she is not entitled to dismissal.

**C.     Failure to State a Claim and Qualified Immunity**

Finally, Defendant Kelley argues that she is entitled to dismissal because Plaintiff has failed to state a viable claim against her. *See* docket entries #11, #12, and #16. Specifically, she contends that she is being sued only in her supervisory capacity, and that she had no personal involvement in Plaintiff's medical care. *Id.* For the same reason, she argues that she is entitled to qualified immunity.[7]

In a § 1983 action, supervisors may not be held vicariously liable for the constitutional violations of their subordinates on a respondeat superior theory.

---

problems." *Id.* Defendant Kelley concluded that Plaintiff's grievance appeal against her had no merit. *Id.* The Court does not have enough information to determine whether GR 10-01466 is proper exhaustion as to the *specific allegations* Plaintiff has raised against Defendant Kelley in this lawsuit.

[7] Qualified immunity protects government officials from liability for monetary damages in a § 1983 action unless, at the time of alleged violation, his or her conduct violated a clearly established federal statutory or constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2009). To overcome a defense of qualified immunity, the plaintiff must show that: (1) the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional or statutory right; and (2) that constitutional right was clearly established at the time of the alleged violation. *Id.*

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). However, supervisors may be held liable if they fail to properly supervise their subordinates by tacitly authorizing a constitutional violation or failing to take corrective action in response to such a violation. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (explaining that prison supervisors can be held liable "when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices").

Specifically, the Eighth Circuit has held that prisoner supervisors may be held liable if they are subjectively aware a prisoner is not receiving constitutionally adequate medical care, but fail to take proper corrective action. *See Schaub v. VonWald*, 638 F.3d 905 (8th Cir. 2011); *Langford*, 614 F.3d 445.

In his Complaint, Plaintiff *alleges* that Defendant Kelley became subjectively aware, during her review of his grievance appeals, that he was not receiving constitutionally adequate medical care, but failed to take corrective action. *See* docket entry #2. Assuming the truth of that allegation, it is clear that Plaintiff has stated a facially viable § 1983 claim against Defendant Kelley *See Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007) (explaining that, when reviewing a motion to dismiss, a court must assume the truth of the facts as asserted by the plaintiff).

For the same reason, she is not entitled, *at this time*, to qualified immunity on

the inadequate medical care claim Plaintiff has raised against her. *See Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005) (explaining that a Rule 12(b)(6) dismissal based on qualified immunity is appropriate only "when the immunity is established on the face of the complaint"); *see also Langford*, 614 F.3d at 462 (rejecting a qualified immunity defense raised by a prisoner supervisor because, in 2004 and 2005, "ignoring [the prisoners'] complaints about receiving deficient medical care contravened clearly established principles of Eighth Amendment jurisprudence").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendant's Motion to Dismiss (docket entry #11) be DENIED.

Dated this 29th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE